**AEGIS LAW FIRM, PC**
Samuel A. Wong (State Bar No. 217104)
Kashif Haque (State Bar No. 218672)
Sam Kim (State Bar No. 258467)
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff Lorena Mejia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LORENA MEJIA, individually and on behalf of all other aggrieved employees,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., a corporation; CHIPOTLE SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 5:15-cv-01911<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of 15 U.S.C. Section 1681(b)(2)(A) and 1681(d) (Fair Credit Reporting Act);<br>(2) Violation of California Civil Code Section 1786 et seq (Investigative Consumer Reporting Agencies Act);<br>(3) Violation of California Civil Code Section 1785 et seq (Consumer Credit Reporting Agencies Act); and<br>(4) Violation of California Business & Professions Code Section 17200 et seq (Unfair Competition Law).<br><br>**Jury Trial Demanded** |

1

Plaintiff Lorena Mejia (herein "Plaintiff"), individually and on behalf of all others similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## NATURE OF THE ACTION

1. This class action arises from Chipotle Mexican Grill, Inc.'s and Chipotle Services, LLC's ("Defendants") acquisition and use of consumer, investigative consumer and/or credit reports to conduct background checks ("Background Checks") on Plaintiff, prospective, and current and former employees.

2. Defendants routinely obtained and used information from Background Checks in connection with its hiring processes without complying with state and federal mandates for doing so.

3. Plaintiff, individually and on behalf of others similarly situated, seeks compensatory and punitive damages due to Defendants' willful or grossly negligent conduct and its systematic and willful violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 *et seq.*, and the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq.*, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof Code §§ 17200 *et seq.*

4. The FCRA, ICRAA, and CCRAA require users of consumer report information to follow certain procedures and provide certain disclosures prior to procuring and/or obtaining prospective, current and former employees' consumer report information. However:

    (a)    Defendants violated Sections 1681b(b)(2)(A) and 1681d(a) of the FCRA by including a liability release in the disclosure form that Plaintiff and other members of the Class were requested to complete as a condition of employment with Defendants, and the

**CLASS ACTION COMPLAINT**

disclosure form was not a "stand alone document" because it was part of the Defendants' employment application. An employer's disclosure to a prospective employee that the employer intends to conduct a background check must be made "in a document that consists solely of the disclosure." The plain language of the statute clearly indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA because such a form would not consist "solely" of the disclosure. As the Federal Trade Commission ("FTC") has explained, a release of liability contained in a disclosure document violates the FCRA because such a form would not consist "solely" of the disclosure, and the FCRA requires a disclosure form that is not "encumbered by any other information . . . in order to prevent consumers from being distracted by other information side-by-side with the disclosure." The FTC expressly has warned that the FCRA notice "may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA" and that "[t]he inclusion of such a waiver [of liability] in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. § 1681 b(b )(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

(b)  Defendants violated Section 1786.16(b) of the ICRAA, by failing to inform Plaintiff and the Class that they may request a copy of the background check, failing to provide Plaintiff and Class Members with a written form by which they could elect, by means of a box to check, to receive a copy of any report that is

**CLASS ACTION COMPLAINT**

1    prepared; and failing to provide them with a copy of the report in

2    a timely manner once they had elected to receive a copy.

3    (c)  Defendants violated Section 1785.20.5(a) of the CCRAA by

4    failing to provide Plaintiff and Class Members with a written

5    notice that includes a check box that would allow Plaintiff and

6    Class Members to opt to receive a copy of their consumer credit

7    report, and on information and belief failed to provide requested

8    reports contemporaneously.

9    5.    As further alleged herein, Defendants' violations occurred because

10  Defendants have failed to properly apprise themselves of the statutory mandates

11  before seeking and acquiring consumer, investigative consumer, and/or credit

12  reports; failed to implement reasonable procedures to assure compliance with

13  statutory mandates; violated the express and unambiguous provisions of the relevant

14  statutes; and/or failed to maintain reasonable procedures to assure compliance with

15  statutory mandates.

16    6.    As a result of Defendants' wrongful acts and omissions, Plaintiff and

17  other putative class members have been injured, including, without limitation,

18  having their privacy and statutory rights invaded in violation of the FCRA, ICRAA,

19  CCRAA, and UCL.

20    7.    Plaintiff seeks, on behalf of herself and putative class members,

21  statutory, actual, and/or compensatory damages, punitive damages, and equitable

22  relief, including costs and expenses of litigation including attorney's fees, and

23  appropriate injunctive relief requiring Defendants to comply with their legal

24  obligations, as well as additional and further relief that may be appropriate. Plaintiff

25  reserves the right to amend this Complaint to add additional relief as permitted under

26  applicable law.

27                  **JURISDICTION AND VENUE**

28    8.    The FCRA, codified as 15 U.S.C. Section 1681 *et seq.,* authorizes Court

**CLASS ACTION COMPLAINT**

1   actions by private parties to recover damages for failure to comply with its

2   provisions. Jurisdiction over Plaintiff's FCRA claims is based upon 15 U.S.C.

3   Section 1681p and 28 U.S.C. Section 1331.

4       9.      Under 28 U.S.C. Section 1367, this Court has supplemental jurisdiction

5   over Plaintiff's state law claims because the state claims are so related to the FCRA

6   claims that they form part of the same case or controversy. Additionally, jurisdiction

7   over Plaintiff's state law claims is based upon the Class Action Fairness Act of 2005,

8   codified as 28 U.S.C. Section 1332(d)(2)(A), because the amount in controversy

9   exceeds five million dollars ($5,000,000), exclusive of interest and costs, and

10  because the parties are diverse because Plaintiff is a resident of California and

11  Defendants are Delaware and Colorado corporations with its principal place of

12  business in Colorado.

13      10.     Venue lies within this judicial district pursuant to 28 U.S.C. Section 13

14  91 (b)-(c) because Defendants transact business in this judicial district and certain

15  acts giving rise to the claims asserted in this Complaint occurred within the District.

16  Venue is proper in the Central District of California pursuant to 28 U.S.C. Section

17  1391 because this District is a District in which a substantial part of the events or

18  omissions giving rise to the claim occurred.

19                              **PARTIES**

20      13.     Plaintiff LORENA MEJIA is a resident of Westminster, California in

21  the County of Orange.

22      14.     Defendant CHIPOTLE MEXICAN GRILL, INC., is a Delaware

23  corporation. Defendant CHIPOTLE SERVICES, LLC, is a Colorado corporation

24  (collectively hereinafter "Defendants").  As of December 31, 2014, Defendants' had

25  about 53,090 employees, including about 4,590 salaried employees and about 48,500

26  hourly employees. Defendants have approximately 1,777 locations throughout the

27  United States and operates numerous locations worldwide and nationwide, with

28

**CLASS ACTION COMPLAINT**

1    approximately 325 locations in California.[1]

2

3                              **PLAINTIFF'S FACTS**

4        15.    Plaintiff applied for a job with Defendants by completing an

5    Employment Application on or about December 10, 2011.

6        16.    Plaintiff alleges on information and belief that in evaluating her for the

7    applied position, Defendants procured or caused to be prepared, a consumer,

8    investigative consumer, and/or credit report as defined by 15 U.S.C. Section

9    1681a(d)(l)(B), 15 U.S.C. Section 1681a(e), Cal. Civ. Code Section 1786.2(c), and

10   Cal. Civ. Code Section 1785.3(c).

11       17.    In connection with her employment application, Plaintiff completed

12   Defendants' standard application materials, which, on information and belief, were

13   used by Defendants in the connection with its employment application policies,

14   procedures and/or practices. Among other things, Defendants' Employment

15   Application includes a background check screening provision for pre and/or post-

16   employment background checks.

17       18.    This form provides that "I certify that all information provided in this

18   employment application is true and complete. I understand that any false information

19   or omission may disqualify me from further consideration for employment and may

20   result in my dismissal if discovered at a later date. I authorize the investigation of

21   any or all statements contained in this application. I also authorize, whether listed or

22   not, any person, school, current employer, past employers and organizations to

23   provide relevant information and opinions that may be useful in making a hiring

24   _____

25   [1] A copy of Defendants' 2014 Annual 10-K Report containing the information

26   stated         herein        may         be         obtained         at

27   http://ir.chipotle.com/phoenix.zhtml?c=194775&p=irol-reportsAnnual. (Last visited

28   September 15, 2015.)

**CLASS ACTION COMPLAINT**

decision. I release such persons and organizations from any legal liability in making such statements. I understand that I may be required to successfully pass a background check and I hereby consent, if required, to a pre and/or post-employment background check. I UNDERSTAND THAT THIS APPLICATION OR SUBSEQUENT EMPLOYMENT DOES NOT CREATE A CONTRACT OF EMPLOYMENT NOR GUARANTEE EMPLOYMENT FOR ANY DEFINITE PERIOD OF TIME. I ALSO UNDERSTAND THAT NO OFFER OR PROMISE OF EMPLOYMENT HAS BEEN MADE TO ME. I UNDERSTAND THAT IF I AM HIRED, I WILL HAVE BEEN HIRED AT THE WILL OF THE EMPLOYER AND MY EMPLOYMENT MAY BE TERMINATED AT ANY TIME, WITH OR WITHOUT CAUSE AND WITH OR WITHOUT NOTICE."

19.    The inclusion of the false information provisions, a post-employment authorization, and the employment contract and at-will provisions of this disclosure form violates Section 1681b(b)(2)(A) of the FCRA.

20.    Under the FCRA, it is unlawful to procure or cause to be procured, a consumer report[2] or investigative consumer report[3] for employment purposes, unless the disclosure is made in a document that consists *solely* of the disclosure and the consumer has authorized in writing the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

---

[2] Section 1681a(d)(l)(B) of the *FCRA* define "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes."

[3] Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

7

21.     Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information. For example, a 1998 opinion letter from the FTC states: "Section 604(b)(2)(A) of the FCRA [15 U.S.C. § 1681b(b)(2)(A) requires that the consumer disclosure be in a document that consist solely of the disclosure." In response to an inquiry as to whether the disclosure may be prominently set forth within an application for employment or whether it must truly be included in a separate document, the FTC responded that, "[t]he disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure."

22.     Similarly, in another 1998 opinion letter, the FTC stated: "we note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b )(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

23.     Recently, in a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

24.     The inclusion of the false information provisions, a post-employment authorization, and the employment contract and at-will provisions of this disclosure form, as well in the employment application, Defendants willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.

25.     Defendants' form also violates Cal. Civ. Code Sections 1785.20.5(a) and 1786.16(b) because it did not inform Plaintiff and the Class that they may

**CLASS ACTION COMPLAINT**

1  request a copy of the background check or contain a check box for Plaintiff to elect
2  to receive a copy of her credit report or investigative consumer report.

3      26.    As discussed herein, by including additional provisions in its form,
4  Defendants willfully disregarded the FTC's regulatory guidance and violated Section
5  1681b(b)(2)(A) of the FCRA.

6      27.    Defendants' form also violates Cal. Civ. Code Sections 1785.20.5(a)
7  and 1786.16(b) because it did not contain a check box for Plaintiff to elect to receive
8  a copy of her credit report or investigative consumer report.

9      28.    Additionally, Defendants' Disclosure and Authorization violates
10 Section 168ld(a) of the FCRA, by failing to provide a written summary of Plaintiff's
11 rights under the FCRA. Defendants' practice and policy is insufficient because
12 Defendant is required to provide Plaintiff with a written description of her rights
13 under the FCRA regardless of whether an adverse employment decision is made.

**CLASS ACTION ALLEGATIONS**

15     29.    Plaintiff brings this lawsuit as a class action on behalf of himself and all
16 others similarly situated as members of the proposed Class pursuant to Federal Rules
17 of Civil Procedure 23(a) and (b)(l), (b)(2) and/or (b)(3). This action satisfies the
18 numerosity, commonality, typicality, adequacy, predominance, and superiority
19 requirements of those provisions.

20     30.    Plaintiff's first proposed class consists of and is defined as:

21        All persons residing in the United States who applied for an
22        employment position with Defendants within the two years immediately
          preceding the filing of this lawsuit and executed Defendants'
23        Application form and/or Disclosure and Authorization form or
24        substantially similar form ("FCRA Pre-Authorization Class").

25     31.    Plaintiff's proposed California subclass of the FCRA Pre- Authorization
26 Class consists of and is defined as follows:

27        All persons residing in California, who applied for an employment
28        position with Defendants within the two years immediately preceding

**CLASS ACTION COMPLAINT**

the filing of this lawsuit and executed Defendants' Application form and/or Disclosure and Authorization form, or substantially similar form ("ICRAA/CCRAA Pre-Authorization Subclass").

32.    Members of the Classes and Subclasses, as described above, will be referred to as "Class Members." Plaintiff reserves the right to amend the above Classes and Subclasses and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

33.    <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Classes and Subclasses is unknown to Plaintiff at this time; however, the class is estimated to be greater than 50,000 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment and/or hiring records. Consequently, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

34.    <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

    (a)    Whether it is Defendants' standard procedure to provide a stand-alone written disclosure to applicants and employees before obtaining a consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

    (b)    Whether it is Defendants' standard procedure to provide applicants and employees a copy of the FCRA Summary of Rights in compliance with the statutory mandates;

    (c)    Whether it is Defendants' standard procedure to provide applicants and employees reasonable opportunity to obtain copies of their consumer report, investigative consumer report, and/or

10

**CLASS ACTION COMPLAINT**

credit report in compliance with the statutory mandates;

(d)    Whether it is Defendants' standard procedure to provide applicants and employees with copies of their consumer report, investigative consumer report, and/or credit report in a timely matter in compliance with the statutory mandates;

(e)    Whether it is Defendants' standard procedure to provide applicants and employees with a copy of the report, or summary of their rights under the FCRA;

(f)    Whether Defendants' failures to comply with the FCRA, ICRAA, or CCRAA were willful or grossly negligent;

(g)    Whether Defendants' conduct described herein constitutes a violation of the UCL; and

(h)    The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendants' violations of federal and California law.

35.    Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

36.    Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she is similarly situated, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

**CLASS ACTION COMPLAINT**

37.     Predominance: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and the Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

38.     Superiority: Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class Members will continue to incur harm and damages and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

39.     The Class may also be certified because:

      (a)    the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants;

      (b)    the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their

12

**CLASS ACTION COMPLAINT**

1    interests; and

2    (c)    Defendants have acted or refused to act on grounds generally
3    applicable to the Class, thereby making appropriate final and
4    injunctive relief with respect to the members of the Class as a
5    whole.

6

7    **FIRST CAUSE OF ACTION**

8    **Violation of the Fair Credit Reporting Act Sections 1681 b(b )(2)(A) and**

9    **1681d(a).**

10    **(As to the FCRA Pre-Authorization Class Only)**

11    40.    Plaintiff hereby incorporates by reference the allegations contained in

12    this Complaint.

13    41.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

14    42.    Plaintiff and Class Members are consumers within the meaning Section

15    168la(c) of the FCRA, because they are "individuals."

16    43.    Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to

17    provide Plaintiff and Class Members with a clear and conspicuous written

18    disclosure, before a report is procured or caused to be procured, that a consumer

19    report may be obtained for employment purposes, in a document that consists solely

20    of the disclosure.

21    44.    Based upon the facts likely to have evidentiary support after a

22    reasonable opportunity for further investigation and discovery, Defendants have a

23    policy and practice of failing to provide adequate written disclosure to applicants

24    and employees before procuring consumer reports or causing consumer reports to be

25    procured. Pursuant to that policy and practice, Defendants procured consumer

26    reports or caused consumer reports to be procured for Plaintiff and Class Members

27    without first providing a written disclosure in compliance with Section

28    1681b(b)(2)(A) of the FCRA.

**CLASS ACTION COMPLAINT**

45.     Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and Class Members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel.

(b)     The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements.

(c)     The FTC's express statements, predating Defendants' conduct, that it is a violation of Section 1681 b(b)(2)(A) of the FCRA to include a liability waiver in the Application form.

46.     Defendants violated section 1681d(a)(l)(B) of the FCRA by failing to provide Plaintiff and Class Members a written summary of their rights under the FCRA at the same time as the disclosure that an investigative consumer report may be made.

47.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them a written summary of their rights under the FCRA at the same time as the disclosure that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and Class Members, without providing a timely written summary of their rights under the FCRA.

14

**CLASS ACTION COMPLAINT**

48.     Accordingly, Defendants willfully violated and continues to violate the FCRA including, but not limited to Sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

49.     As a result of Defendants' illegal procurement of consumer reports by way of its inadequate disclosures, as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA. Plaintiff also suffered anxiety, stress, and confusion as a result of Defendants' inadequate disclosures.

50.     Plaintiff, on behalf of herself and all Class Members, seeks all available remedies pursuant to 15 U.S.C. Section 1681n including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

51.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S. C. Section 1681o.

**SECOND CAUSE OF ACTION**

**Violation of the Investigative Consumer Reporting Agencies Act Section 1786.16(b).**

**(As to the ICRAA/CCRAA Pre-Authorization Subclass Only)**

52.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

53.     Defendants are "persons" as defined by Cal. Civ. Code Section 1786.2(a).

54.     Plaintiff and Class Members are consumers within the meaning Cal. Civ. Code Section 1786.2(b), because they are natural individuals who have made application to a person for employment purposes.

55.     Section 1786.2(d) of the ICRAA defines "investigative consumer

15

**CLASS ACTION COMPLAINT**

1  reporting agency" as "any person who, for monetary fees or dues, engages in whole

2  or in part in the practice of collecting, assembling, evaluating, compiling, reporting,

3  transmitting, transferring, or communicating information concerning consumers for

4  the purposes of furnishing investigative consumer reports to third parties, but does

5  not include any governmental agency whose records are maintained primarily for

6  traffic safety, law enforcement, or licensing purposes, or any licensed insurance

7  agent, insurance broker, or solicitor, insurer, or life insurance agent."

8      56.   Defendants violated Section 1786.16(b)(1) of the ICRAA by: (1) failing

9  to provide to Plaintiff and Class Members a written form, by means of a box to

10  check, to indicate their desire to receive a copy of their investigative consumer

11  report requested by Defendant; and (2) failing to send a copy of the report to

12  Plaintiff and Class Members, once they elected to receive a copy, within three

13  business days of the date that the report was provided to Defendant.

14      57.   On information and belief, and based upon the facts likely to have

15  evidentiary support after a reasonable opportunity for further investigation and

16  discovery, Defendants have and had a policy and practice of procuring investigative

17  consumer reports or causing investigative consumer reports to be procured for

18  applicants and employees without providing them a way to indicate on a written

19  form, by means of a box to check, that they wish to receive a copy of any report that

20  is prepared. Pursuant to that policy and practice, Defendants procured investigative

21  consumer reports or caused investigative consumer reports to be procured for

22  Plaintiff and Class Members without providing them with the means required under

23  Section 1786.16(b)(1) of the ICRAA to indicate that they would like to receive a

24  copy of their report(s) as required under the statute.

25      58.   Accordingly, Defendants willfully violated and continues to violate the

26  ICRAA including, but not limited to Section 1786.16(b). Defendants' willful or

27  grossly negligent conduct is reflected by, among other things, the facts set forth

28  above.

**CLASS ACTION COMPLAINT**

59.     As a result of Defendants' willful or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA. In addition to being deprived of the opportunity to take advantage of her statutory rights, Plaintiff also suffered anxiety, stress, and confusion as a result of Defendants' inadequate disclosures.

60.     Plaintiff, on behalf of herself and all Class Members, seeks all available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**Violation of the Consumer Credit Reporting Agencies Act Section 1785.20.5(a).**

**(As to the ICRAA/CCRAA Pre-Authorization Subclass Only)**

61.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

62.     Defendants are "persons" as defined by Cal. Civ. Code Section 1785.3(j).

63.     Plaintiff and Class Members are consumers within the meaning of Cal. Civ. Code Section 1785.3(b), because they are "natural individuals."

64.     Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

65.     Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the

**CLASS ACTION COMPLAINT**

1   purpose of furnishing consumer credit reports to third parties, but does not include

2   any governmental agency whose records are maintained primarily for traffic safety,

3   law enforcement, or licensing purposes."

4       66.    Section 1785.3(f) of the CCRAA defines "employment purposes," when

5   used in connection with a consumer credit report, as "a report used for the purpose of

6   evaluating a consumer for employment, promotion, reassignment, or retention as an

7   employee."

8       67.    Section 1785.20.5(a) of the CCRAA requires that prior to requesting a

9   consumer credit report for employment purposes, the user of the report shall provide

10  written notice that contains a box that the person may check to receive a copy of the

11  consumer credit report. The employer must provide the report to the applicant or

12  employee contemporaneously and at no charge.

13      68.    At all relevant times herein, Defendants willfully violated Section

14  1785.20.5(a) of the CCRAA as to Plaintiff and Class Members, because it failed to

15  provide written notice to Plaintiff and Class Members that includes a check box that

16  would allow Plaintiff and Class Members to opt to receive a copy of their consumer

17  credit report. In addition, on information and belief Defendant failed to

18  contemporaneously provide requested reports to applicants or employees.

19      69.    On information and belief and based upon the facts likely to have

20  evidentiary support after a reasonable opportunity for further investigation and

21  discovery, Defendants had and have a policy and practice of failing to (1) provide

22  notice that includes a check box that would allow applicants and employees to

23  choose to receive a copy of their consumer credit report, and (2) provide requested

24  reports contemporaneously. Pursuant to that policy and practice, Defendants

25  willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class

26  Members.

27      70.    Accordingly, Defendants willfully violated and continues to violate the

28  CCRAA including, but not limited to Section 1785.20.5(a) and has violated the

**CLASS ACTION COMPLAINT**

1 privacy rights of Plaintiff and Class Members. Defendants' willful conduct is
2 reflected by, among other things, the facts set forth above.

3       71.   As a result of Defendants' willful conduct as set forth above, Plaintiff
4 and Class Members have been injured including, but not limited to, having their
5 privacy and statutory rights invaded in violation of the CCRAA. In addition to being
6 deprived of the opportunity to take advantage of her statutory rights, Plaintiff also
7 suffered anxiety, stress, and confusion as a result of Defendants' inadequate
8 disclosures.

9       72.   Plaintiff, on behalf of herself and all Class Members, seeks all available
10 remedies pursuant to Cal. Civ. Code Sections 1785.31 including statutory damages
11 and/or actual damages, punitive damages, injunctive and equitable relief, and
12 attorneys' fees and costs.

13       73.   In the alternative to Plaintiff's allegation that these violations were
14 willful, Plaintiff alleges that the violations were negligent and seeks the appropriate
15 remedy, if any, under Cal. Civ. Code Section 1785.31.

16 **FOURTH CAUSE OF ACTION**
17 **Violation of California Business & Professions Code Section 17200 *et seq.***
18 **(As to the UCL Adverse Action Subclass Only)**

19       74.   Plaintiff hereby incorporates by reference the allegations contained in
20 this Complaint.

21       75.   California's Unfair Competition Law ("UCL"), California Business &
22 Professions Code Section 17200 *et seq.*, protects both consumers and competitors by
23 promoting fair competition in commercial markets for goods and services. The UCL
24 prohibits any unlawful, unfair or fraudulent business act or practice. A business
25 practice need only meet one of the three criteria to be considered unfair competition.
26 An unlawful business practice is anything that can properly be called a business
27 practice and that at the same time is forbidden by law.

28       76.   As described above, Defendants have violated the "unlawful" prong of

19

**CLASS ACTION COMPLAINT**

1 the UCL in that Defendants' conduct violated numerous provisions of the FCRA.

2      77. Defendants have violated the "unfair" prong of the UCL in that it

3 gained an unfair business advantage by failing to comply with state and federal

4 mandates in conducting background checks and otherwise take the necessary steps to

5 adhere to the FCRA. Further, any utility for Defendants' conduct is outweighed by

6 the gravity of the consequences to Plaintiff and Class Members and because the

7 conduct offends public policy.

8      78. As a result of Defendants' conduct described herein and its willful

9 violations of California Business & Professions Code Section 17203, Plaintiff and

10 the Class have lost money and suffered harm as described herein.

11      79. Pursuant to California Business & Professions Code Section 17203,

12 Plaintiff seeks an order enjoining Defendant from continuing to engage in the unfair

13 and unlawful conduct described herein. Plaintiff seeks an order (1) requiring

14 Defendant to cease the unfair and unlawful practices described herein; and (2)

15 awarding reasonable costs and attorneys' fees pursuant to California Code of Civil

16 Procedure Section 1021.5.

17                **REQUEST FOR JURY TRIAL**

18      80. Plaintiff requests a trial by jury of all issues which may be tried by a

19 jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

20                  **PRAYER FOR RELIEF**

21     Plaintiff, on behalf of herself and Class Members, requests that the Court enter

22 judgment against Defendants, as follows:

23      1. An order certifying the proposed Classes and Subclasses, designating

24 Plaintiff as named representative of the Classes and Subclasses, and designating the

25 undersigned as Class Counsel;

26      2. A Declaration that Defendants' practices violate the FCRA, ICRAA,

27 CCRAA, and UCL;

28

**CLASS ACTION COMPLAINT**

3.      An award of statutory, compensatory, special, general, and punitive damages according to proof against all Defendants;

4.      An award of appropriate equitable relief, including but not limited to an injunction forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA, ICRAA, CCRAA, and UCL;

5.      An award of pre-judgment and post-judgment interest, as provided by law;

6.      Leave to amend the Complaint to conform to the evidence produced at trial;

7.      An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. 1681o, California Civil Code,§§ 1786.50 and 1785.31(a), Code of Civil Procedure § 1021.5; and

11.     Such other relief as may be appropriate under the circumstances.

Dated: September 16, 2015        AEGIS LAW FIRM, PC

By:_____
            Samuel Wong
            Kashif Haque
            Sam Kim
            Counsel for Plaintiff

### DEMAND FOR JURY TRIAL

Pursuant to Section 16, Article I of the California Constitution, and Cal. Code Civ. Proc. § 631, and pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 16, 2015        AEGIS LAW FIRM, PC

21

**CLASS ACTION COMPLAINT**

1

2          By:_____

3                  Samuel Wong
                   Kashif Haque
4                    Sam Kim
           Counsel for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**